IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| PURPLE INNOVATION, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PHOTON INTERACTIVE UK LIMITED, a United Kingdom private limited company,<br><br>Defendant. | C.A. No. 22-601-CFC |

## STIPULATED PROTECTIVE ORDER

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Information, documents, and other materials may be designated by the producing party ("the Designating Party") in the manner permitted. All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designation shall be either (a) "Confidential," or (b) "Highly Confidential – Outside Counsel Eyes Only." This Order shall apply to Designated Material produced by any party or third-party in this action.

2. <u>Designation of Confidential Material</u>. Any party to this action and any third-party may designate as "Confidential" and as subject to this Order any information, document, thing, or portion of any document or thing ("Material"): (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information; (b) that contains private or confidential personal information; (c) that contains information received in confidence from third parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this action or third-party covered by this Order who produces or discloses any Confidential Material (including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony) shall mark that Material with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

3. <u>Designation of Highly Confidential – Outside Counsel Eyes Only Material</u>. Any party to this action and any third-party may designate as "Highly Confidential – Outside Counsel Eyes Only" and as subject to this Order any Material that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this

action or third-party covered by this Order who produces or discloses any Highly Confidential – Outside Counsel Eyes Only Material (including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony) shall mark that Material with the following or similar legend: "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

4. <u>Scope</u>. Designated Material subject to this Order may be used for purposes of this action only and shall not be disclosed by the receiving party to anyone other than those listed in Paragraphs 5 and 6 except by prior written agreement of the parties or by order of the Court. Counsel for a party may give opinions and advice relating solely to this action to his or her client based on counsel's evaluation of Designated Material, but counsel may not thereby reveal the content of Designated Material except by prior written agreement of the parties or by order of the Court.

5. <u>Access to Confidential Material</u>.   Material produced and marked as "Confidential" and the contents thereof may only be disclosed to the following individuals under the following conditions:

    a. *Parties*: Materials designated "Confidential" may be disclosed to parties in this action. In the case of parties that are

    corporations or other business entities, "party" means directors, officers, and employees of a party to this action and/or a parent entity of a party to this action who has a legitimate need to access the information in connection with their responsibilities for overseeing the action or assisting counsel in preparing the action for trial or settlement.

b. *Outside Counsel*: Materials designated "Confidential" may be disclosed to Outside Counsel of record for parties to this action and to their partners, associates, paralegals, and regularly employed office staff. "Outside Counsel" means outside attorneys of record who are not employees of a party to this action but are retained to represent or advise a party to this action.

c. *Outside Experts*: Materials designated "Confidential" may be disclosed to an outside expert retained by outside counsel for purposes of assisting in this action. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

    d.    *The Court*: Materials designated "Confidential" may be disclosed to the Court and to Court personnel by filing such materials under seal.

    e.    *Other Persons*: Materials designated "Confidential" may be disclosed to vendors, translators, jury consultants, and litigation support firms retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings. Before Designated Material is disclosed to e-discovery vendors, translators, jury consultants, or litigation support firms, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

    f.    With respect to persons not covered by any other subparts of this Paragraph, any person who, based on the Designated Material itself, is an author or recipient of the Designated Material. However, such persons shall not be entitled to retain a copy of any Designated Material produced during any deposition or at trial.

6.    <u>Access to Highly Confidential Material</u>. Material produced and marked as "Highly Confidential – Outside Counsel Eyes Only" and the contents

thereof may only be disclosed to the following individuals under the following conditions:

    a.    *Outside Counsel*: Materials designated "Highly Confidential – Outside Counsel Eyes Only" may be disclosed to Outside Counsel of record for parties to this action and to their partners, associates, paralegals, and regularly employed office staff. "Outside Counsel" means outside attorneys of record who are not employees of a party to this action but are retained to represent or advise a party to this action.

    b.    *In-house Counsel*: Materials designated "Highly Confidential – Outside Counsel Eyes Only" may be disclosed to two in-house counsel for each Party.

    c.    *Outside Experts*: Materials designated "Highly Confidential – Outside Counsel Eyes Only" may be disclosed to an outside expert retained by outside counsel for purposes of assisting in this action. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

d. *The Court*: Materials designated "Highly Confidential – Outside Counsel Eyes Only" may be disclosed to the Court and to Court personnel by filing such materials under seal.

e. *Other Persons*: Materials designated "Highly Confidential – Outside Counsel Eyes Only" may be disclosed to vendors, translators, jury consultants, and litigation support firms retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings. Before Designated Material is disclosed to e-discovery vendors, translators, jury consultants, or litigation support firms, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

f. With respect to persons not covered by any other subparts of this Paragraph, any person who, based on the Designated Material itself, is an author of recipient of the Designated Material. However, such persons shall not be entitled to retain a copy of any Designated Material produced during any deposition or at trial.

7. <u>Use and Disclosure of Designated Material</u>. Designated Material, copies thereof, and information contained therein may only be used by individuals

7

listed in Paragraphs 5 and 6, and shall not be disclosed in any manner to any other individual unless and until (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

8.  <u>Designation of Deposition Transcripts</u>. Deposition transcripts or portions thereof may be designated as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only" either (a) when the testimony is recorded, or (b) by written notice to all counsel of record given within ten (10) business days after the receipt of the transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Party. This ten (10) business day period may be extended by agreement of the parties. During this period, the deposition transcript shall not be disclosed to anyone other than the deponent and individuals listed in Sections 5(b), (c), (d), and (e) above, and no individual attending the deposition shall disclose the contents thereof to anyone other than individuals listed in Sections 5(b), (c), (d), and (e) above. Upon being informed that portions of a deposition are to be designated "Confidential," or "Highly Confidential – Outside Counsel Eyes Only," all parties shall limit disclosure of that transcript in accordance with Paragraphs 5 and 6.

9. <u>Examination of Witnesses</u>. This Protective Order shall not prevent a party from attempting to examine as witnesses, during depositions or at trial, persons not authorized to receive Designated Material if the examination concerns Designated Material to which the witness previously had authorized access or of which the witness has prior knowledge, as demonstrated by the document itself or by foundation testimony. This Protective Order shall not prevent counsel from examining a witness, during depositions and at trial (or other court hearing), to determine whether he or she has prior knowledge of any Designated Material, so long as such examination shall be in a manner that does not disclose the details of the Designated Material.

10. Notice of Disclosure.

    a. *Written Notice.* Prior to disclosing or displaying any Designated Material to any outside expert or consultant, the party seeking to disclose such information shall provide the producing party with written notice that includes: (i) the name of the outside expert or consultant; (ii) the present employer and title of the outside expert or consultant; (iii) a copy of a document substantially in the form of Exhibit A signed by the outside expert or consultant; and, (iv) a list of the cases in which the outside expert or consultant has testified at deposition or at trial

9

within the last five (5) years, including an identification of the party who retained the outside expert or consultant. A party that gives notice pursuant to this paragraph may disclose the identified Designated Material to the identified outside expert or consultant unless the party receives a written objection from the producing party in compliance with the below procedures.

b. *Objecting to Notice.* Within ten (10) business days of receipt of the disclosure of the outside expert or consultant, the producing party may object in writing to the outside expert or consultant for good cause. In the absence of an objection at the end of the ten (10) business day period, the person shall be deemed approved under this Protective Order. There shall be no disclosure of Designated Material to the person prior to expiration of this ten (10) business day period.

c. *Meet and Confer.* If the producing party objects to disclosure of the outside expert or consultant within the ten (10) business day period, the parties shall meet and confer within three (3) business days following the objection and attempt in good faith to resolve the dispute. During the meet and confer process, the party objecting to the notice shall describe the basis for the

objection and shall explain the basis for its objectively reasonable concern that the person will, advertently or inadvertently, use or disclose Designated Material in a way or ways that are inconsistent with the provisions of this Protective Order. If the dispute is not resolved, the party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, Designated Material shall not be disclosed to the outside expert or consultant in question until the Court resolves the objection. If the producing party fails to move for a protective order within the time set forth above, Designated Material may thereafter be provided to the outside expert or consultant.

d. *Late Objections.* An initial failure to object to an outside expert or consultant under this Paragraph 11 shall not preclude the non-objecting party from later objecting to continued access by that outside expert or consultant for good cause. However, a late objection to an outside expert or consultant shall not be made on the basis of information disclosed pursuant to this

11

Paragraph, except to the extent that said disclosure contained a material omission or misrepresentation. If a later objection is made, the same time limits apply for the parties to meet and confer and for the party objecting to disclosure to seek relief from this Court. However, the outside expert or consultant shall be permitted to continue to access and use Designated Material until the court resolves the matter or the producing party withdraws its objection.

11. <u>Objection to Designation</u>. If counsel for a party receiving Designated Material objects to that designation in whole or in part:

    a. Counsel for the objecting party shall serve on the Designating Party a written objection describing with particularity the Material in question and stating the grounds for objection. Counsel for the Designating Party shall respond to the objection in writing within ten (10) business days, and shall state with particularity the grounds for asserting that the Material is properly designated. If the Designating Party does not agree to the redesignation or does not respond to the objection within ten (10) business days, the objecting party may apply to the Court for relief consistent with the Court's Discovery Dispute order

and with Paragraph 8(g) of the Court's Scheduling Order. Upon such application, the burden shall be on the Designating Party to show why the designation is proper.

b. Before serving a written objection, the objecting party must attempt in good faith to meet and confer with the Designating Party in an effort to resolve the matter.

12. <u>Inadvertent Failure to Designate</u>. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Designated Material that should have been designated as such shall not be deemed to waive a party's claim of confidentiality, in whole or in part, either as to the specific Designated Material disclosed or to other Designated Material concerning the same or related subject matter. Inadvertent or unintentional disclosures may be rectified by written notification given within a reasonable time after disclosure to counsel for all parties receiving the Designated Material that the Designated Material should have been designated "Confidential," or "Highly Confidential – Outside Counsel Eyes Only.". Such notice shall constitute a designation of the Material under this Order.

13. <u>Inadvertent Disclosure of Privileged Material</u>. Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has

13

inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return and/or destroy all copies of inadvertently produced material within five (5) business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the

Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

14. <u>Privilege Logs</u>. A party is not required to log any privileged and/or work product protected document on a privilege log if such document was created on or after the date of the filing of the Complaint in the above-captioned action.

15. <u>Reasonable Care in Designating Material</u>. The parties shall use reasonable care to avoid designating as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only" any documents or information that does not need to be designated as such.

16. <u>Limitations</u>. The following information shall not be deemed or considered Confidential Material under this Order: (a) information that the parties agree, or the Court rules, is in the public domain; (b) information that the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party; and (c) information that is or becomes available to the receiving party from a source (i) other than the party asserting confidentiality and (ii) rightfully in possession of such information on a non-confidential basis.

17. <u>Right to Further Relief</u>. This Order does not deprive any party of its right to object to discovery by any other party or on any otherwise permitted

ground. This Order is entered without prejudice to the right of any party to move the Court for modification of or relief from any of its terms, to move the court for an order compelling production of Designated Material, or to seek any other relief from the court.

18. <u>Termination of Matter</u>. This Order survives the termination of this action and remains in full force and effect unless modified or terminated by order of the Court or by written stipulation of all parties filed with the Court.

19. <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this action, this Court does not intend to preclude another court from finding that information relevant and subject to disclosure in another case. Any person or party subject to this Order who in another proceeding becomes subject to a motion to disclose another party's information designated "Confidential" or "Highly Confidential – Outside Counsel Eyes Only" pursuant to this Order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

20. <u>Filing Designated Material</u>. If it becomes necessary to file Designated Material with the Court, the filing party must comply with Local Rule 5.1.3 by affirmatively filing the Designated Material under seal.

21. <u>Final Disposition</u>. Upon final conclusion of this action, each party or other individual subject to this Order shall promptly (and in no event later than

forty-five (45) days after entry of final judgment) assemble and return all original and unmarked copies of Designated Material to the originating source, and shall, at the request of the originating source, destroy all copies of Designated Material that contain and/or constitute attorney work product as well as excerpts, summaries, and digests revealing Designated Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings, including any exhibits attached thereto, for archival purposes subject to the provisions of this Order. Alternatively, the receiving party shall provide to the Designating Party a certification that all such materials have been destroyed. To the extent a party requests the return of Designated Material from the court following final conclusion of this action, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

| **FISH & RICHARDSON P.C.** | **RICHARDS LAYTON & FINGER, P.A.** |
|---|---|
| /s/ Jeremy D. Anderson | /s/ Sara M. Metzler |
| Jeremy D. Anderson (No. 4515) | Kelly E. Farnan (#4395) |
| 222 Delaware Avenue | Sara M. Metzler (#6509) |
| 17th Floor | One Rodney Square |
| Wilmington, Delaware 19801 | 920 North King Street |
| Tele: (302) 658-5070 | Wilmington, DE 19801 |
| janderson@fr.com | (302) 651-7700 |
|  | farnan@rlf.com |
| ***ATTORNEYS FOR PLAINITFF*** | metzler@rlf.com |
|  | ***ATTORNEYS FOR DEFENDANT*** |

SO ORDERED this \_\_11th\_\_ day of October, 2022.

                                                                         _____
                                                                         UNITED STATES DISTRICT JUDGE

18

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PURPLE INNOVATION, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PHOTON INTERACTIVE UK LIMITED, a United Kingdom private limited company,<br><br>Defendant. | C.A. No. 22-601-CFC |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ being duly sworn, state that:

1. My present employer is\_and the address of my present employment is _____.

2. My present occupation or job description is_____.

3. I have carefully read and understand the provisions of the Protective Order in this case, and I will comply with all of its provisions.

4. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Designated Material or any words, summaries, abstracts,

or indices of Designated Material disclosed to me.

5. I will limit use of Designated Material disclosed to me solely for purpose of the above-captioned action.

6. No later than the final conclusion of the case, I will return all Designated Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____  _____
                                                    Name:

2