# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PURPLE INNOVATION, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-cv-601-TMH |
| | ) |
| PHOTON INTERACTIVE UK LIMITED, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **MEMORANDUM OPINION**

**HUGHES, UNITED STATES CIRCUIT JUDGE, SITTING BY DESIGNATION:**

Pending before me is Defendant Photon Interactive UK Limited's motion to dismiss Plaintiff Purple Innovation, LLC's fraudulent inducement claim. Because the Master Professional Services Agreement and the Statement of Work contain an anti-reliance provision, and because the statements that Purple relies upon in support of its fraudulent inducement claim are non-actionable puffery, I grant Photon's motion to dismiss.

## I. BACKGROUND[1]

Purple is in the comfort technology business with its primary business being the sale of mattresses. ECF No. 61 (*Second Amended Complaint*) at 2. Purple's marketing strategy primarily involves using e-commerce, with most of its sales occurring online. *Id*. Purple saw growth in its sales and determined it needed to expand its e-commerce capabilities. *Id* at 2–3.

In or around February or March 2019, Purple began negotiations with Photon to develop a new website and e-commerce platform for Purple. *Id*. at 3. During the negotiations, Photon's representatives claimed that Photon had expertise and a wealth of experience with Commercetools and Drupal, integratable software solutions that could be used to build Purple's website and e-commerce platform *Id*. at 3–4. Photon represented that it could complete the required development tasks.

---

[1] For purposes of this motion to dismiss, I adopt Purple's allegations as true. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

*Id.* at 4. Specifically, Photon made the following oral representations about its experience:

- "Defendant's aforementioned representatives unequivocally and affirmatively represented that Defendant had expertise and a wealth of experience with Commercetools, and stated that with their level of expertise, they could complete the project within the short timeframe required by Purple[,]" *id.*; and

- "Defendant reiterated and affirmatively represented not only that Defendant had the required experience with Commercetools and Drupal, but that they were industry leaders vis-â-vis the required experience, and could easily complete the required development tasks." *Id.*

On November 1, 2019, Purple and Photon entered into a Master Professional Services Agreement. *Id.* Pursuant to the MPSA, Photon agreed to "use commercially reasonable efforts to perform the Services and deliver the Deliverables [as defined therein] in substantial accordance with the specifications and time schedule set forth in the applicable Statement of Work." *Id.* at 5. In conjunction with the MPSA, the parties executed various scopes of work and change requests that outlined the specific services and work that Photon was to provide, including services related to Commercetools and Drupal. *Id.*

On June 26, 2020, the parties executed a change request that "incorporate[d] numerous changes to the Statement of Work, consisting of various modifications to

3

the Commercetools platform prior to launch." *Id.* at 6. A few months later, the parties executed a third scope of work "whereby Photon agreed to 'Lift and Shift' Purple's business website from its existing CRM to a third party CRM platform, Drupal." *Id.* Pursuant to the various agreements, Photon was to build a website and a mobile point-of-sale application utilizing the Commercetools platform. Purple claims that Photon failed to deliver a functioning product and that it did not provide the services for which it was contracted. *Id.*

Purple filed the Second Amended Complaint on March 29, 2024. *Id.* at 1. The SAC contains four claims for relief: (1) breach of the Webpage Agreement, (2) breach of the POS Agreement, (3) indemnification for Purple's alleged losses stemming from Photon's breaches, and (4) fraudulent inducement. *Id.* at 9–12. Photon moves to dismiss Purple's fourth claim, fraudulent inducement, under Federal Rule of Civil Procedure 12(b)(6). ECF No. 62 (*Motion to Dismiss*) at 1.

## II.  LEGAL STANDARD

A defendant may move to dismiss the claims against it for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570) (2007). Mere labels, conclusions, or a formulaic recitation of the elements of a cause of action will not suffice to make a claim plausible. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When asserting a claim of fraud, the claim must also satisfy Federal Rule of Civil Procedure 9(b). Rule 9(b) requires a party, when alleging fraud, to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Malice, intent, knowledge, and other conditions of a person's mind[,]" however, "may be alleged generally." *Id*.

### III. DISCUSSION

#### A. Anti-Reliance Provision

Photon argues that the contract between Purple and Photon contains an express anti-reliance provision that precludes a fraud claim for any pre-contractual representations that are not included in the contract itself. ECF No. 63 (*Opening Brief in Support of Photon's Motion to Dismiss*) at 6. As explained by Photon, "[t]he MPSA expressly incorporates the SOW, which contains an express anti-reliance clause." *Id*. The clause that Photon is referring to from the SOW states:

> The M[P]SA, this SOW and any exhibits constitute the entire understanding between Photon and Client with respect to the subject matter hereof. There are no other understandings, agreements, representations or warranties relied upon by either party with respect to the subject matter herein, which are not included herein. This agreement may be modified only in writing signed by both parties.

*Second Amended Complaint* at Ex. B § 5.2(a). Photon argues that this is a clear and unambiguous anti-reliance provision.

5

Photon also asserts that this provision is consistent with the language of the integration clause in the MPSA, which states that "[t]his Agreement together with the applicable Statements of Work, constitutes the entire agreement between the parties relating to the subject matter hereof and supersedes all prior oral and written and all contemporaneous oral negotiations, commitments and understandings of the parties." *Id.* at Ex. A § 10.2. Accordingly, Photon asserts that "Purple is bound by the anti-reliance provision and is precluded from bringing a fraud claim based on representations or warranties not contained within the MPSA or SOW itself." *Opening Brief in Support of Photon's Motion to Dismiss* at 6.

In response, Purple argues that the contract does not contain a clear and unambiguous anti-reliance provision. ECF No. 69 (*Response to Motion to Dismiss*) at 2. Purple characterizes Photon's contractual arguments as an attempt to "cobble together" various provisions of the contract in support of its position—asserting that "the M[P]SA and SOW are anything but clear and unambiguous." *Id.* at 3. Purple asserts that the MPSA clause could not possibly disclaim reliance on pre-contractual representations because it does not discuss representations. *Id.* at 3–6. Purple also argues that the SOW clause cited by Photon "cannot be read as broadly as Defendant suggests and is not a clear an unambiguous anti-reliance clause" because "[t]he Section has the specific purpose of defining project scope." *Id.* at 7.

To preclude a fraud in the inducement claim, "the contract must contain language that, when read together, can be said to add up to a clear anti-reliance clause by which the plaintiff has contractually promised that it did not rely upon

6

statements outside the contract's four corners." *Kronenberg v. Katz*, 872 A.2d 568, 593 (Del. Ch. 2004). The contract clearly and unambiguously demonstrates that the MPSA and the SOW should be considered as a collective. The SOW states that "[t]he M[P]SA, this SOW and any exhibits constitute the entire understanding between Photon and Client with respect to the subject matter hereof." *Second Amended Complaint* at Ex. B § 5.2(a). And the MPSA states that "[t]his Agreement *together with the applicable Statements of Work*, constitutes the entire agreement between the parties[.]" *Id*. at Ex. A § 10.2 (emphasis added).

The fact that the MPSA does not explicitly discuss representations does not preclude the contract from having an anti-reliance provision. *See Prairie Cap. III, L.P. v. Double E Holding Corp.*, 132 A.3d 35, 51 (Del. Ch. 2015) (An anti-reliance provision does not "require[e] a specific formula, such as the two words '*disclaim reliance.*'"). The MPSA and the SOW are meant to be read together, and the SOW explicitly states that "[t]here are no other understandings, agreements, representations or warranties relied upon by either party with respect to the subject matter herein, which are not included herein." *Id*. at Ex. B § 5.2(a). This is an anti-reliance provision that, when read in conjunction with the MPSA's integration clause, precludes a fraud claim for any pre-contractual representations that are not included in the contract itself.

Therefore, the MPSA and SOW, taken together, have an anti-reliance provision that precludes Purple's fraudulent inducement claim.

B.     Non-Actionable Puffery

Photon also argues that Purple's fraudulent inducement claim should be dismissed because the statements Purple relies upon are non-actionable statements of opinion or "puffery." *Opening Brief in Support of Photon's Motion to Dismiss* at 11–12. The court need not consider whether the statements are non-actionable puffery because the claim should be dismissed because the MPSA and SOW's anti-reliance provision precludes Purple's fraudulent inducement claim. In any event, the statements that Purple relies upon are non-actionable puffery that form an independent basis to dismiss its fraudulent inducement claim.

Photon argues that Purple alleges that its misrepresentations include:

- "Defendant had expertise and a wealth of experience with Commercetools, and stated that with their level of expertise, they could complete the project within the short time-frame required by Purple." *Second Amended Complaint* at 4.
- "Defendant had the required experience with Commercetools and Drupal" and was an "industry leader[ ] vis-á-vis the required experience, and could easily complete the required development tasks." *Id*.

Photon argues that "[t]hese statements . . . are not the type of factual statements that can form the basis of a fraudulent inducement claim." *Opening Brief in Support of Photon's Motion to Dismiss* at 12.

In response, Purple claims that Photon's "statements regarding its experience with Commercetools and Drupal were 'material' because Purple required its website

8

and ecommerce platform to be built on Commercetools and Defendant represented that the development project could be completed in a timely fashion with Drupal." *Response to Motion to Dismiss* at 13. Purple also claims that "Photon's statements regarding its experience—or lack thereof—with Commercetools and Drupal can also 'be measured' and 'known.'" *Id.* at 14.

"Actionable statements misstate 'material facts' that can be measured or known." *Accelerant Twister, LLC v. Marjo, LLC*, 2023 WL 4457422, at *8– 9 (D. Del. July 11, 2023) (quoting *Garner v. Glob. Plasma Sols., Inc.*, 590 F.Supp.3d 738, 744 (2022)). "Under Delaware law, a person's optimistic statements about his 'skills, experience, and resources' are 'mere puffery and cannot form the basis for a fraud claim.'" *Clark v. Davenport*, No. CV 2017-0839-JTL, 2019 WL 3230928, at *12 (Del. Ch. July 18, 2019) (quoting *Solow v. Aspect Res., LLC*, No. CIV.A. 20397, 2004 WL 2694916, at *3 (Del. Ch. Oct. 19, 2004)). Neither can vague statements about the time-frame in which a party expects to provide services. *Cf. In re Ocugen, Inc. Sec. Litig.*, 659 F. Supp. 3d 572, 593 (E.D. Pa. 2023) (concluding vague statements regarding the timing of submissions was nonactionable puffery), *aff'd*, 2024 WL 1209513 (3d Cir. Mar. 21, 2024). The statements that Purple relies upon for its fraudulent inducement claim are related to Photon's expertise and the vague timeframe for completing the project. Under Delaware law, Photon's statements are non-actionable puffery and cannot form the basis for a fraudulent inducement claim.

## IV.     CONCLUSION

Because the MPSA and SOW contain an anti-reliance provision, and, independently and separately, because the statements that Purple relies upon in support of its fraudulent inducement claim are non-actionable puffery, Purple fails to state a claim for fraudulent inducement.  I grant Photon's motion to dismiss Purple's fraudulent inducement claim.[2]

---

[2] I do not reach Photon's remaining argument in favor of dismissing the claim, i.e. whether Purple is attempting to bootstrap a fraud claim to its breach of contract claims.