IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PURPLE INNOVATION, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) C.A. No. 22-cv-601-TMH |
| PHOTON INTERACTIVE UK LIMITED, | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION

Jeremy D. Anderson, BAKER & HOSTETLER LLP, Wilmington, DE – Attorney for Plaintiff.

Chad M. Shandler, Kelly E. Farnan, Sara M. Metzler, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE – Attorneys for Defendant.

January 16, 2026
Wilmington, DE

**HUGHES, UNITED STATES CIRCUIT JUDGE, SITTING BY DESIGNATION:**

Pending before the court is Plaintiff Purple Innovation, LLC's motion for leave to file a Third Amended Complaint. (D.I. 84). The court DENIES the motion for leave because Purple has not shown good cause.

## I. BACKGROUND

On May 3, 2022, Purple filed its original complaint against Photon Interactive UK Limited. (D.I. 1). The original complaint asserted actions for breach of contract and indemnity. (*Id.* at 6–7). On August 31, 2022, Purple filed its First Amended Complaint. (D.I. 9). Under the scheduling order, the deadline to amend pleadings was March 29, 2024. (D.I. 59).

On March 29, 2024, Purple filed its Second Amended Complaint, which added a separate breach of contract claim, as well as a claim for fraudulent inducement based on Photon's alleged misrepresentations regarding its expertise and skill. (D.I. 61 at 10–12). Photon moved to dismiss Purple's fraudulent inducement claim, (D.I. 62), which the court granted on February 18, 2025. (D.I. 80, 81). Following the court's order, Purple seeks leave to file a Third Amended Complaint. (D.I. 84).

## II. LEGAL STANDARD

"[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). "'Good cause' under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order." *Biogen Inc.*

2

*v. Sandoz Inc.*, No. 22-cv-01190, 2025 WL 753849, at *2 (D. Del. Mar. 10, 2025) (citation omitted). "If a movant meets its burden under Rule 16(b)(4) to show that good cause exists, the court may then consider whether it should grant leave to amend under Rule 15(a)(2)." *iCeutica Pty Ltd. v. Novitium Pharma LLC*, No. 18-cv-00599, 2019 WL 4604029, at *1 (D. Del. Sep. 23, 2019).

Under Federal Rule of Civil Procedure 15(a)(2), other than for amendments as a matter of course, a party may only amend its pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The Third Circuit has instructed that 'absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.'" *Allergan USA, Inc. v. MSN Lab'ys Priv. Ltd.*, No. 19-cv-01727, 2022 WL 11761898, at *1 (D. Del. Oct. 20, 2022) (quoting *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)). "The decision to grant or deny leave to amend lies within the discretion of the court." *NRT Tech. Corp. v. Everi Holdings Inc.*, No. 19-cv-00804, 2022 WL 354291, at *2 (D. Del. Jan. 11, 2022).

## III. <u>DISCUSSION</u>

Because the deadline for amended pleadings passed on March 29, 2024, the first issue before the court is whether Purple has satisfied the good cause standard under Rule 16(b)(4).

Purple requests leave to file a Third Amended Complaint to add (1) a claim for fraud based on Photon's alleged misrepresentations concerning the code it was developing for Purple, and (2) a claim for contractual fraud. (D.I. 84-1 at 16–22). Purple claims that the "two species of fraudulent conduct were recently discovered by [it] through the assistance of an expert." (D.I. 85 at 1). Purple contends that it has good cause because it acted diligently to bring these claims. (*See id.* at 8). Specifically, Purple claims it was diligent because it was not on notice of the basis for either claim until it received a draft report from its expert. (*Id.* at 9). The court disagrees.

Since commencing the present litigation, Purple has possessed all the relevant information to bring its fraud and contractual fraud claims. Regarding the claim for fraud, Photon made the alleged misrepresentations to Purple during the parties' relationship, which was between 2019 and 2021. Regarding the claim for contractual fraud, the alleged misrepresentations were contained in the agreements themselves. Additionally, the code at issue in this case was in the possession of Purple throughout and prior to this action. And Purple engaged third parties to perform audits on the code Photon developed, which were completed and in Purple's possession prior to the initiation of this lawsuit. (D.I. 95-4; D.I. 95-5). These facts establish a presumption against Purple's diligence. *See Bos. Sci. Corp. v. Edwards Lifesciences Corp.*, No. 16-cv-00275, 2018 WL 5043754, at *3 ("Where . . . the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent."), *objections overruled sub nom.*

4

*Bos. Sci. Scimed. Inc. v. Edwards Lifesciences Corp.*, No 16-cv-00275, 2018 WL 11151233 (D. Del. Nov. 19, 2018).

While Purple contends it was not on notice of the basis for these claims until it received a draft report from its expert, it does not provide a sufficient explanation for why it could not have engaged its expert to review the code sooner. *See Roquette Freres v. SPI Pharma, Inc.*, No. 06-cv-540, 2009 WL 1444835, at *4 (D. Del. May 21, 2009) ("The good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner."). Waiting to do so until three years after filing is not diligence. *See, e.g.*, *Allergan*, 2022 WL 11761898, at *3 (concluding defendant failed to show good cause where it "possessed all the relevant information to bring its counterclaims and defenses of unclean hands at the time [plaintiff] filed its amended complaint"); *Biogen*, 2025 WL 753849, at *6 (finding no due diligence where defendant had sufficient opportunities to bring the counterclaims before the amendment deadline).

Purple attempts to analogize the instant case to *Kern v. Phoenixville Hosp., LLC*, 342 F.R.D. 324 (E.D. Pa. 2022), and *Cordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366 (D. Del. 2009), but these comparisons fail. *Kern*, for one, is not a case about good cause under Rule 16(b). Even so, in *Kern*, while the court granted the plaintiff leave to amend based on the discovery of "new" publicly available information, this information stood in contrast to alleged misrepresentations by the defendant during discovery that steered plaintiff away from the corporate relationship she sought leave to include in her complaint. *See Kern*, 342 F.R.D.

5

at 327–28. This misleading, complimented by the general unresponsiveness of the defendant when asked about the subject of the amendment, was why the court found the information to be "obscure," and plaintiff's amendment to be non-dilatory. *Id.* at 328. *Kern* does not stand for the proposition that information in the hands of a party seeking leave to amend from the outset of a litigation can furnish good cause under Rule 16(b) without any alleged misdirection by the non-moving party.

While the court in *Cordance* did engage in a Rule 16(b) analysis, its reasoning is similarly unavailing to Purple. The defendant in *Cordance* who sought leave to amend was provided the information on which their amendment would be based during depositions. After learning of this information for the first time in earnest, the defendant was then diligent in investigating the information so as to plead with particularity under Rule 9(b). *See Cordance*, 255 F.R.D. at 372–74. That is wholly unlike this case, where Purple had the underlying code from the outset of the litigation and knew of indicia that the code was flawed, yet did not engage its expert to more closely review the data after third-party audits.

Thus, the court finds that Purple is unable to satisfy the good cause standard under Rule 16(b)(4) because it has not overcome the presumption against its diligence. Because Purple does not satisfy the good cause standard, the court does not need to reach whether it should grant leave to amend under Rule 15(a)(2).

6

## IV.   <u>CONCLUSION</u>

Because Purple is unable to show it was diligent in amending its complaint, it fails to satisfy the good cause standard under Rule 16(b)(4). Therefore, the court DENIES Purple's motion for leave to file a Third Amended Complaint.